GONZÁLEZ, DEMANDANTE Y APELADO, *v.* COLLAZO, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en pleito sobre daños y perjuicios.

No. 1598.—Resuelto en julio 26, 1917.

DAÑOS Y PERJUICIOS — ACCIÓN U OMISIÓN POR CULPA O NEGLIGENCIA — PRESCRIPCIÓN.—De acuerdo con el artículo 1869 del Código Civil, en relación con el 1803 del mismo código, prescribe por el transcurso de un año la acción para recobrar daños y perjuicios causados por haber el demandado penetrado en la propiedad del demandante y recolectado cosechas apropiándoselas para sí, así como por haber destruído una casa situada en la misma propiedad y destruído semillas y resiembros. Tales actos constituyen ataques a la propiedad (*trespass*), y son punibles, quizá, a tenor de lo dispuesto en el artículo 517 del Código Penal.

ID.—ACCIÓN PERSONAL.—Cuando a una persona se le priva   de la oportunidad

de recuperar una finca por los actos o traspasos maliciosos de otra, surge una causa de acción en favor de la persona perjudicada, la que sirve de sustituta de la acción real que de otro modo hubiera tenido.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Francis & Soto.*

Abogados del apelado: *Sres. Reichard & Reichard.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

La cuestión planteada en este caso es si la acción ha prescrito a tenor de lo que prescribe el artículo 1869 del Código Civil, que dice como sigue:

"Art. 1869.—Prescriben por el transcurso de un año.

"1. La acción para recobrar o retener la posesión.

"2. La acción para exigir la responsabilidad civil por injuria o calumnia, y por las obligaciones derivadas de la culpa o negligencia de que se trata en el artículo 1803 desde que lo supo el agraviado."

El artículo 1803 reza como sigue:

"Art. 1803.—El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado."

La demanda en este caso, radicada en agosto 2, 1915, se ha titulado "Daños y perjuicios," y los actos alegados son:

A. Que por el mes de octubre de 1912, el demandado José Collazo Bracero, por medio de sus agentes y empleados, recolectó y se apropió la cosecha de café de la finca del demandante arriba descrita, valorada en $240 en junto.

B. Que un día del mes de agosto de 1913, también por orden del demandado, se destruyó una casa valorada en $50 situada en la misma propiedad.

C. Que en la misma fecha, también bajo órdenes del demandado, los empleados de éste penetraron en la finca citada y arrancaron y se llevaron los resiembros de café que había en ella, talando y destruyendo las semillas y resiembros.

D. Que en el año de 1913 y hacia fines del mismo, el demandado penetró en la finca y recolectó y se apropió el café que había en ella, montante a $260.

E. Que por el mes de octubre de 1914 el demandado re-
colectó y se apropió otra cosecha de café ascendente a $180
en junto.

El demandante había radicado anteriormente contra el
demandado un pleito de mejor derecho y obtenido en su contra
una sentencia firme en 16 de febrero de 1915.

El apelante sostiene que con excepción de los actos que
tuvieron lugar en octubre de 1914, todos los demás han pres-
crito, y estamos de acuerdo con él. Esta corte ha conside-
rado todas las acciones en que intervienen culpa o negligen-
cia, conocidas en derecho americano por agravios (*torts*),
previstas en el artículo 1803. *Busó et al.,* v. *Martínez,* 18
D. P. R. 1035; *Colls* v. *Municipio de Lares,* 23 D. P. R. 867;
*Dotting* v. *Rigo & Co.,* 22 D. P. R. 405; *Hernández* v. *Benet
et al.,* 22 D. P. R. 577; *Parés* v. *Ruiz,* 19 D. P. R. 342 y casos
citados. Véase también el caso de *Porto Rico* v. *Enmanuel,*
235 U. S. 251. La única excepción es el caso de *Carmona* v.
*Cuesta,* 20 D. P. R. 229, citado por la corte inferior, pero la
acción en aquél caso, como lo indicamos en el mismo y lo
hemos hecho desde entonces, era una acción especial atem-
perada al artículo 38 de la Ley Hipotecaria. La idea es que
cuando a una persona se le priva de la oportunidad de recu-
perar una finca por los actos o traspasos maliciosos de otra,
surge una causa de acción en favor de la persona perjudicada,
la que le sirve de sustituta de la acción real que de otro modo
hubiera tenido.

Convenimos con el apelado que el mero hecho de que ti-
tulase su acción como daños y perjuicios no da lugar a la pres-
cripción; pero sostenemos que todos los actos descritos caen
dentro del artículo 1803 y no de ninguna otra disposición
legal. El apelado insiste en la mala fe del apelante, y es
éste otro indicio de la naturaleza torticera de los actos ale-
gados en la demanda.

No podemos estar conformes con la teoría del apelado de
que el artículo 1803 excluye aquellos casos que no revisten
caracteres de delito o "falta," la que comúnmente se dis-

tingue de la culpa. Se alega que el demandado ha penetrado en la propiedad de la contraria y se ha apropiado las cosechas y realizado otros actos violentos. En ninguna parte se alega que las cosechas recolectadas eran los frutos naturales de la tierra, ni quien los sembrara, sino que todos los actos mencionados se describen como ataques a la propiedad (*trespasses*), si no como actos punibles, quizá, a tenor de lo que prescribe el artículo 517 del Código Penal.

Si bien es cierto que la contestación del demandado alega la posesión de la finca en controversia y aun si pudiera considerarse que la cuestión litigiosa (*issue*) fué la de los frutos, sin embargo la apropiación de frutos o cosechas constituye también un acto torticero previsto en el artículo 1803, cuando menos si tal acción se entablara por separado. Luego, aquí no existe ninguna acción reivindicatoria en la que puedan las cosechas considerarse como accesiones de la finca, o cualquier otra que sustituya la que pudiera originarse con arreglo al artículo 38 de la Ley Hipotecaria. No es posible considerar este pleito dentro de la excepción establecida en el caso de *Carmona* v. *Cuesta, supra,* puesto que la finca no ha sido enajenada en favor de terceros.

El único punto que nos resta es la mala fe de parte del apelante. Esta era una cuestión de hecho, y en ausencia de un convencimiento claro de que la corte inferior haya cometido error nos sentimos obligados a seguirla.

La sentencia apelada debe ser revocada y registrarse otra por la suma de $180, pero sin costas ni honorarios de abogado por ser menor de $500 la cantidad concedida.

> *Revocada la sentencia apelada y dictada otra por $180, sin costas ni honorarios de abogado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.